**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

CARLOS VALEZ,

        Petitioner,

vs.

D. W. NEVEN,

        Respondent.

2:12-cv-01047-JCM-PAL

ORDER

Carlos Valez, a prisoner at High Desert State Prison, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the court is respondents' answer (ECF No. 7). Petitioner has not filed a reply.

**I.   Procedural History**

    A.    Criminal Proceedings

In January, 2008, petitioner was charged in the Las Vegas Justice Court with burglary while in possession of a deadly weapon, battery with the use of a deadly weapon, first degree kidnaping with the use of a deadly weapon, assault with a deadly weapon, all felonies; child endangerment, a gross misdemeanor, and battery constituting domestic violence, a misdemeanor. Ex. 2.[1] Petitioner waived his preliminary hearing as part of a negotiated plea agreement. Ex. 3. The terms of that agreement were read into the court's record. *Id.* Petitioner agreed to plead guilty to first degree kidnaping with the use of a deadly weapon with adjudication on that charge being stayed pending his successful completion of

---

[1] The exhibits referenced in this order were submitted by respondents in support of their answer and are found in the court's record at ECF No. 8.

1  a three-year term of probation. Petitioner further agreed that if he was able to complete the term of
2  probation, he would be allowed to withdraw his guilty plea to the kidnaping charge and plead guilty to
3  a misdemeanor of disorderly conduct instead. He further agreed to plead guilty to a gross misdemeanor
4  charge of conspiracy to commit battery, with a sentence of three-years probation and a 364-day
5  suspended term that would run concurrent to the probation on the kidnaping charge. *Id.*

6  An information reflecting the agreed charges was filed in district court. Ex. 4. Petitioner entered
7  his guilty plea on July 15, 2008 under the terms of the plea agreement. Ex. 5. As agreed, if petitioner
8  was unsuccessful in his probation, the charge and plea to first degree kidnaping would stand and
9  petitioner would face a possible sentence of ten years to life with a consecutive like term for the deadly
10 weapon enhancement. *Id.*

11 At the entry of plea, petitioner was cautioned that his failure to successfully complete the
12 probation would carry "some grave consequences" of "life sentences." Ex. 6, p. 6. At sentencing,
13 petitioner again confirmed his understanding of the agreement and the consequences of his failure to
14 complete probation. Ex. 7, pp. 5-6, 9. Petitioner was sentenced was imposed in conformance with the
15 plea agreement. *Id.* Petitioner was thereafter admitted to probation as agreed. Ex. 8. A judgment of
16 conviction was entered on February 3, 2009. Ex. 9.

17 A little more than one year later, on March 18, 2010, a bench warrant issued on an assertion that
18 petitioner had violated the terms of his probation. Ex. 10.[2] The state moved to adjudicate the first
19 degree kidnaping with the use of a deadly weapon charge. Ex. 12. Petitioner opposed the motion to
20 adjudicate, seeking to withdraw his guilty plea based on a purported English language impairment. Ex.
21 13. An evidentiary hearing was conducted once the various motions were fully briefed. Ex. 19. The
22 state court ultimately ruled that petitioner had fully understood the terms of the plea agreement and that
23 he suffered no linguistic impairment which may have hindered his understanding of the terms of the
24 agreement. *Id.* pp. 59-60.

---

[2] Petitioner had been arrested and charged in three additional felony cases. Ex. 20.

1  Petitioner's probation was revoked, he was adjudicated guilty of the first degree kidnaping with the use of a deadly weapon charged and sentenced. An amended judgment of conviction was entered. Ex. 23. A second amended judgment of conviction was ultimately entered to correct a sentencing error. Ex. 32. Petitioner was ultimately sentenced to five to fifteen years on the kidnaping charge with a consecutive term of one to fifteen years for the weapon enhancement. *Id.*

Petitioner appealed his conviction to the Nevada Supreme Court. Ex. 26. He claimed that the district judge abused its discretion in denying the motion to withdraw the guilty plea. Ex. 33. The Nevada Supreme Court affirmed the conviction on June 8, 2011. Ex. 36. Remittitur issued on July 5, 2011. Ex. 37.

B.  Post-conviction

Petitioner filed a petition for post-conviction review while his direct appeal was pending. He alleged ineffective assistance of trial counsel and appellate counsel. Ex. 34. The state district court denied relief on August 26, 2011. Ex. 41. Petitioner appealed and on March 8, 2012, the Nevada Supreme Court affirmed the lower court's decision. Ex. 43.

C.  Federal Habeas Action

These proceedings were commenced on June 14, 2012, with the filing of a *pro se* petition (ECF No. 4). Petitioner raises four grounds for relief including a claim of ineffective assistance of counsel for failing to advise petitioner against signing the plea agreement and for failing to challenge the multiple judgments of conviction as being in violation of the plea agreement; a claim that counsel was ineffective for failing to file an appeal challenging the validity of the plea agreement; a claim that appellate counsel was ineffective for failing to preserve his right to appeal at all stages of the proceedings; and a claim of denied due process and a fair trial through the effects of cumulative error.

**II.  Discussion**

A.  Legal Standard

3

To obtain federal habeas relief under the restrictions imposed by the Anti-terrorist and Effective Death Penalty Act (AEDPA), the petitioner must establish that, in rejecting his claims, the Nevada courts unreasonably applied federal law clearly established in the decisions of the United States Supreme Court. *See* 28 U.S.C. § 2254(d)(1). *Metrish v. Lancaster*, 133 S.Ct. 1781, 1786 (2013). This standard is "difficult to meet." *Id.* A state prisoner must show that the challenged state-court ruling rested on an error in clearly established law and that the decision was beyond any possibility for disagreement among fair-minded jurists. *Harrington v. Richter*, 562 U.S. ––––, 131 S.Ct. 770, 786 (2011).

As the federal habeas statute provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

### B. Ineffective Assistance of Counsel

To establish ineffective assistance of counsel "a defendant must show both deficient performance by counsel and prejudice." *Premo v. Moore* 131 S.Ct. 733, 739 (2011) quoting *Knowles v. Mirzayance*, 556 U.S. 111, 122, 129 S.Ct. 1411, 1419 (2009). "To establish deficient performance, a person challenging a conviction must show that 'counsel's representation fell below an objective standard of reasonableness.'" *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052 (1984). A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. *Id.* at 689. The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as

the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. "With respect to prejudice, a challenger must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' *Id.* The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom. *Id.* at 690.

      Ground 1.     *Counsel's Advice Regarding the Plea Agreement*

Petitioner complains that counsel was ineffective for not advising him against signing the plea agreement where the agreement was "improper, illegal and unconstitutional." Specifically, petitioner alleges that his English-language deficiency led him to enter into an agreement which he did not understand. He complains that, although he was placed on probation on the charge of battery, when he violated the terms of that probation, he was imprisoned on the first degree kidnaping charge instead of the battery charge.

In the context of a guilty plea, the prejudice prong of *Strickland* requires that petitioner show "a reasonable probability that, but for counsel's error, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see Edwards* v. *Lamarque*, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc).

This claim was addressed by the Nevada Supreme Court on post-conviction appeal. Ex. 42. In that order, the state supreme court reviewed the record below to establish the circumstances surrounding the entry of the guilty plea and to consider the petitioner's contention that he did not understand the terms of the agreement because of a language barrier. The Nevada Supreme Court observed that once petitioner's probation has been revoked because of his arrest and charges on three separate felony counts, the trial court entertained petitioner's motion to withdraw his guilty plea. It noted the evidentiary hearing conducted by the trial court undercut his claims of a language deficit and concluded that petitioner had failed to demonstrate that any alleged language barrier prevented him from understanding the terms of the plea agreement. *Id.*

The Nevada Supreme Court, citing to *Strickland v. Washington,* noted it had previously considered and denied relief on this claim when it was raised on appeal from the order revoking petitioner's probation and denying his motion to withdraw his guilty plea. The court specifically concluded that the denial of the motion to withdraw the plea was proper where the plea was favorable to petitioner and where trial counsel had "testified convincingly that he explained the negotiations to appellant." *Id.* at 4; *see also* Order of Affirmance, Ex. 36, p. 2 ("...(2) Velez's privately retained counsel who negotiated the deal testified convincingly that he explained the deal many times to Velez; (3) Velez contracted with an immigration attorney to assist him in constructing a plea deal that would avoid immigration consequences; (4) Velez's claim to have feeble English-language skills was belied by the record").

The record before this court provides strong evidence that petitioner understood the terms of the plea agreement, which was extremely favorable to him given the gravity of the charges he faced at the time of his arrest. *Cf.* Criminal Complaint, Ex. 2; Information, Ex. 4; Guilty Plea Agreement, Ex. 5. Moreover, the transcript of the change of plea hearing clearly indicates that petitioner was thoroughly canvassed by the trial court and made a willing and knowing plea. Ex. 6.

Petitioner has not demonstrated that the Nevada Supreme Court's decision on this claim was unreasonable in its application of clearly established federal law or in its factual determinations. No relief will be granted on this ground.

Ground 1(a). *Counsel's Failure to Appeal the Multiple Judgements of Conviction*

Petitioner claims that when he violated his probation and was adjudicated on the felony first degree kidnaping charge, counsel, in violation of the plea agreement, failed to appeal the sentence imposed against him as well as the the multiple judgments of conviction.

When petitioner's probation was revoked, he was adjudicated guilty of the first degree kidnaping with the use of a deadly weapon charge, as agreed. *See* Ex. 5, p. 2. Initially, the court sentenced petitioner to five to forty years in custody with a consecutive term of twelve to thirty-six months, and

1  an amended judgment of conviction was entered. Ex. 22, p. 12-13; Ex. 23. The petitioner appealed the
2  revocation and sentence. Ex. 26. Thereafter, on the state's motion indicating that the original sentence
3  was not in compliance with Nevada law, petitioner was re-sentenced to a maximum term of fifteen years
4  with parole eligibility after five years, with a consecutive sentence of a maximum term of fifteen years
5  with parole eligibility after one year. Exs. 24 and 30. A second amended judgment was entered. Ex.
6  32.

7        This claim was denied by the Nevada Supreme Court on appeal from denial of his post-
8  conviction petition. *See* Ex. 42. In that decision, the state court found there had been no violation of the
9  plea agreement by the state, which had argued for a sentence that was less severe than was outlined in
10 the plea agreement. As the court noted, the state requested a sentence of five to forty years and the plea
11 agreement advised petitioner that he would be facing a possible sentence of life with the possibility of
12 parole. It is also of note that when petitioner's sentence on revocation of his probation was finalized,
13 he faced a term that was within the statutory allowance. Thus, counsel could not reasonably have
14 appealed the sentence as being improper or in violation of the agreement. Counsel's performance on
15 appeal was not unreasonable or ineffective and the Nevada Supreme Court's decision to deny this claim
16 was proper.

17       Ground 2.    *Appellate Counsel Failed to Appeal the Validity of the Plea Agreement*

18       Petitioner claims that his Sixth Amendment right to effective assistance of appellate counsel was
19 violated when counsel failed to appeal at three separate stages: (1) after entry of the original plea
20 agreement; (2) upon entry of the first amended judgment of conviction; and (3) upon entry of the second
21 amended judgment of conviction. Petitioner claims that the delayed adjudication on the first degree
22 kidnaping charge was improper, illegal, and unconstitutional. Petitioner further claims counsel was
23 ineffective when he failed to appeal the denial of the motion to withdraw the guilty plea because counsel
24 "failed to factor in" petitioner's lack of understanding of the English language and the terms of the
25 agreement.

26

Effective assistance of appellate counsel is guaranteed by the Due Process Clause of the Fourteenth Amendment. *Evitts v. Lucey*, 469 U.S. 387, 391-405 (1985). Claims of ineffective assistance of appellate counsel are reviewed according to *Strickland's* two-pronged test. *Miller v. Keeney*, 882 F.2d 1428, 1433 (9th Cir. 1989); *United States v. Birtle*, 792 F.2d 846, 847 (9th Cir. 1986). Thus, petitioner must show that his appellate counsel's performance was objectively unreasonable in failing to identify and bring the claim and that there was a reasonable probability that, but for counsel's unreasonable failure, he would have prevailed on his appeal. *Smith v. Robbins,* 528 U.S. 259, 285 (2000). Appellate counsel is not required to raise every non-frivolous issue on appeal. *Jones v. Barnes,* 463 U.S. 745, 751 (1983); *Smith v. Stewart,* 140 F.3d 1267, 1274 n.4 (9th Cir. 1998).

This claim was considered and denied by the Nevada Supreme Court on appeal from the denial of post-conviction relief. In its order, the court noted that petitioner's claims were belied by the record because counsel did appeal the revocation of probation and the denial of the motion to withdraw the guilty plea. Additionally, the court concluded that there was no obligation for counsel to appeal the second amended judgment where petitioner obtained a more favorable sentence and there was no evidence indicating that petitioner had requested such an appeal.

Petitioner has not demonstrated that an appeal of the second amended judgment would have resulted in a different outcome, as required by *Smith*. 528 U.S. at 285. Neither has he shown that the Nevada Supreme Court's determination of this claim was improper within the restrictions imposed by 28 U.S.C. § 2254. That court applied the proper federal standard for effective assistance of counsel and its factual findings are supported by the record. No relief will be granted on this claim.

Grounds 3 & 4.    *Cumulative Effect of Counsel's Errors Denied Due Process and a Fair Trial*

Petitioner claims that counsel made numerous errors in handling his defense including failing to ensure that petitioner entered into the plea agreement knowingly, voluntarily and intelligently, failing to ensure that petitioner understood the terms of the agreement because he was not advised in Spanish

and by failing to fully advise petitioner of the dangers of probation and by not advising petitioner to take the charges to trial. He further contends that appellate counsel failed to preserve his right to appeal at all stages of the proceedings. Petitioner argues that, considering the amount of time petitioner faced if incarcerated, counsel should have preserved his right to appeal at all stages of the proceedings.

These claims are without merit and petitioner offers nothing to suggest that the Nevada Supreme Court's rejection of them was improper under clearly established federal law as determined by the United States Supreme Court.

When the court examines whether trial counsel gave effective assistance, it examines all aspects of the counsel's performance at different stages, from pretrial proceedings through trial and sentencing. *United States v. Leonti*, 326 F.3d 1111, 1116-17 (9th Cir. 2003). The cumulative effect of separate errors by counsel during the trial stage and at sentencing should be considered to determine whether the effect of those errors was to deprive the defendant of his right to effective assistance. *See Villafuerte v. Stewart*, 111 F.3d 616, 632 (9th Cir.1997); *Cooper v. Fitzharris*, 586 F.2d 1325, 1333 (9th Cir.1978). Where the combined effect of individually harmless errors renders a criminal defense "far less persuasive than it might [otherwise] have been," the resulting conviction violates due process. *See Chambers v. Mississippi,* 410 U.S. 284, 302-03, 93 S.Ct. 1038 (1973). The cumulative effect of multiple errors can violate due process even where no single error rises to the level of a constitutional violation or would independently warrant reversal. *Chambers,* 410 U.S. at 290 n.3, 93 S.Ct. 1038.

Here, the state court, as well as this court, has determined that counsel did not commit errors in representation either during the plea negotiations or on appeal. The record demonstrates that trial counsel provided ample opportunity for petitioner to ask questions and obtain additional explanation if he did not understand the terms of the plea agreement. *See* Ex. 19, pp. 31-48; *see also* Ex. 6. Petitioner has not demonstrated that the cumulative effect of counsel's errors, if any occurred, "so infected the trial with unfairness that the resulting conviction was a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643, 94 S.Ct. 1868 (1974). Neither has he shown that his appellate counsel's

9

performance, taken cumulatively, deprived him of a full and fair defense as due process requires. Grounds 3 and 4 will be denied. The state court's decision was proper within the confines of the federal habeas statute.

## IV.     Certificate of Appealability

Should petitioner wish to appeal this decision, he must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-51 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). This court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The court will therefore deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that the petition for writ of habeas corpus in this matter is **DENIED.**

**IT IS FURTHER ORDERED** that no certificate of appealability is warranted and none shall issue. The clerk shall enter judgment accordingly.

Dated October 25, 2013.

_____
UNITED STATES DISTRICT JUDGE